### UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF NEW HAMPSHIRE

<u>Bank of America, N.A.</u>

    v.                                    Civil No. 06-cv-300-JM

<u>NH Department of Revenue, et al.</u>

### **O R D E R**

In this interpleader, the two lien holders have filed a stipulation (Document no. 23) which purports to divide the interpled fund between them, allotting nothing to payment of the fees and expenses of the plaintiff. Plaintiff opposes a resolution which does not pay its fees and costs of $3,672.52.

<u>Discussion</u>

The interpled fund totals $42,330.47. The State of New Hampshire has a tax lien of $7,508.20. The United States recognizes that the New Hampshire lien has priority over its lien of $88,106.64. It is clear that the portion of the <u>res</u> set aside for the United States is not subject to charge for the fees and costs of the plaintiff. See <u>United States v. R.F. Ball Constr. Co.</u>, 355 U.S. 587, 588 (1958); <u>Manchester Fed. Sav. & Loan Ass'n v. Emery-Waterhouse Co.</u>, 102 N.H. 233, 239 (N.H. 1959).

However, New Hampshire law does recognize that attorneys' fees and costs incurred by the party filing an interpleader may be charged against the shares of the <u>res</u> of parties other than the United States.  <u>See</u> <u>Id</u>. at 239; <u>Guay v. Brotherhood Bldg. Ass'n.</u>, 87 N.H. 216, 222 (1935).  The State of New Hampshire is ordered to show cause within ten days why its share of the <u>res</u> should not be charged with plaintiff's reasonable fees and costs.

Counsel for plaintiff and for New Hampshire are ordered to meet and confer within ten days to attempt to agree on the amount of <u>reasonable</u> fees and costs.

The stipulation can not be approved unless the State shows cause as above ordered.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: January 8, 2008

cc:   Jeffrey J. Clark, Esq.
      Glenn A. Perlow, Esq.
      Julie C. Avetta, Esq.